**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**LEANDA M. AULT,**

**Plaintiff,**

**Vs** **No. 1:25-cv-0640 KG/DLM**

**FRANK J. BISIGNANO,**
**Commissioner of Social Security,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Leanda Ault's pro se Motions for Extension of Time to File Notice of Appeal (Docs. 31; 41), Matthew Richter's Second Motion to Withdraw as Attorney (Doc. 36), and Ault's pro se Applications to Proceed in District Court Without Prepaying Fees or Costs (Docs. 32; 39). Having considered the submissions of the parties, the Court finds as follows.

## I. Motion to Withdraw

The Court grants Richter's motion to withdraw as Ault's attorney. Richter attempted to obtain Ault's consent for the motion, but Ault did not respond.[1] (*See* Doc. 36 at 2 (discussing D.N.M. LR-Civ. 83.8(a)).) More importantly, Ault's conduct in filing motions pro se indicates her awareness of and consent to Richter's withdrawal. As a result, the Court finds Ault does not oppose Richter's request and will grant the motion to withdraw. *See* D.N.M. LR-Civ. 7.1(b).

## II. Motions to Extend

With some reluctance, the Court also grants Ault's motions to extend time. Ault blames

1 Richter asserts that he sent Ault a copy of his first motion to withdraw. (*See* Doc. 36 at 2.) Although there is no evidence Richter sent Ault a copy of the second motion, the Court notes that Ault submitted a copy of the docket on August 17, 2026, which indicates her awareness of the second motion. (*See* Doc. 38 at 38.)

her almost month-long delay in filing a notice of appeal on no fewer than five factors: (1) her attorney's delay in notifying her of the Court's decision; (2) a health crisis; (3) financial hardship; (4) a housing crisis; and (5) the United States Postal Service. (*See* Doc. 31 at 1–5.) Considering Ault's arguments and the evidence she submits in support, the Court finds slim basis in the record that provides good cause or excusable neglect for her failure to comply with the 60-day deadline. *See* Fed. R. App. P. 4(a)(5)(A)(i)–(ii) (noting "[t]he district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time" to appeal expires and "shows excusable neglect or good cause"). Still, as explained below, the Court will grant the extension.

To begin, Ault states that her attorney did not provide notice of the Court's May 4, 2026 decision until May 21, 2026, a 17-day delay. (*See* Doc. 31 at 2.) She describes this as "abandonment" of counsel. (*See id.*) The Court disagrees that this constitutes abandonment. Moreover, even considering the 17-day delay, Ault still had 43 days in which to timely file a notice of appeal.

The Court further finds that a June 4, 2026 letter that attorney Richter sent to Ault bears mention. (*See* Doc. 38 at 20.) In the letter, he confirmed their May 21, 2026 phone call and noted that he forwarded documents to the Olinsky Law firm "for their review to discern whether they could help [Ault] with [an] appeal . . . ." (*See id.*) He stated that the Olinsky Law firm informed him on June 2, 2026, that Ault "indicated [she] **no longer wanted to pursue an appeal**." (*See id.* (emphasis added).) Finally, Richter reminded Ault that if she "change[d] her mind" and decided to appeal, "federal law limits [her] ability to appeal to 60 days from the date of the district court's decision . . . ." (*See id.*) The Olinsky Law firm reiterated this 60-day time limit in its June 2, 2026

letter confirming that it would not file an appeal on Ault's behalf. (*See id.* at 21.) Despite these reminders of the time she had left to timely file a notice of appeal, Ault waited almost two months to file the motion to extend.

Next, Ault contends that her counsel's "sudden withdrawal" and the time pressure to file a notice of appeal caused health issues that "impaired [her] physical capacity to" appeal. (*See* Doc. 31 at 2.) The Court disagrees with Ault's characterization of Richter's withdrawal as "sudden," given that their fee agreement specified: "This agreement terminates at the option of my attorney if we lose in the federal district court." (*See* Doc. 37 at 2.) Further, the medical records Ault submits to support this point are from 2021 and are, therefore, irrelevant to demonstrate that health issues prevented her from timely filing a notice of appeal. (*See* Doc. 38 at 23–33.)

Ault also contends that she mailed her motion to extend before the 60-day deadline, but the postal service returned it on July 29, 2026, "due to strict federal building mailroom screening protocols and unexpected processing deficiencies." (*See* Doc. 31 at 4.) Ault submits no evidence (receipts or postmarked envelopes) in support, and the Court finds this argument unavailing.

The Court is more sympathetic to Ault's explanation that financial hardship and a housing crisis contributed to her inability to timely file a notice of appeal. (*See* Doc. 31 at 3.) Personal crises on that magnitude can hamper the ability of any litigant to manage deadlines. It is for this reason—and because Defendant filed a notice of non-opposition (*see* Doc. 40)—that the Court will grant Ault's motions to extend.

**III. Applications to Proceed in District Court Without Prepaying Fees or Costs**

Finally, Ault filed two Applications to Proceed in District Court Without Prepaying Fees or Costs (Docs. 32; 39), which the Court construes as motions for leave to proceed on appeal in

forma pauperis (IFP). "In order to succeed on [a motion for leave to proceed on appeal without prepayment of fees or costs], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (citations omitted). "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 F. App'x. 742, 743 (10th Cir. 2012) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.* (quotation omitted); *see also Webb v. Jones*, 525 F. App'x 773, 778 (10th Cir. 2013) ("An appeal is frivolous if it lacks an arguable basis in either law or fact") (quoting *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002)).

Here, although Ault demonstrates a financial inability to pay the required filing fees, she fails to set forth any argument of error regarding the Court's decision. Accordingly, the Court concludes that Ault's appeal is not taken in good faith and denies her motions for leave to proceed IFP because she has not identified a reasoned, nonfrivolous argument on the law and facts in support of her appeal of the Court's decision in this matter.

**IT IS THEREFORE ORDERED** that Ault's Motions for Extension of Time to File Notice of Appeal (Docs. 31; 41) are **GRANTED**;

**IT IS FURTHER ORDERED** that Matthew Richter's Second Motion to Withdraw as Attorney (Doc. 36) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Ault's Applications to Proceed in District Court

Without Prepaying Fees or Costs (Docs. 32; 39) are **DENIED**.

**IT IS SO ORDERED**.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.